DAVID P. WELLS, APPELLANT, v. JOHN KELLEY
AND OTHERS, RESPONDENTS.

APPEAL FROM PROBATE COURT.—RELEASE OF SURETIES ON ADMIN-
ISTRATOR'S BOND.—UNDERTAKING ON APPEAL.—The Supreme
Court Rule 24 (9 Utah 521), providing that on appeal from a pro-
bate court to a district court by an administrator, who has given
official bonds, there need be no additional undertaking, does
not apply to a case where the sureties on an administrator's
bond have been discharged before the taking of the appeal.

(No. 543. Decided on rehearing Dec. 21, 1895. For former opinion,
see 11 Utah, 421.)

*On Re-hearing.* Former judgment (11 Utah, 421) ap-
proved on the ground that no sufficient undertaking on
appeal was filed.

*Mr. R. H. Jones,* for appellant.

*Mr. Nels Jensen* and *Mr. T. D. Johnson,* for respondents.

BARTCH, J.:

This case was decided at the present term and after-
wards a rehearing was granted. Our attention is now di-
rected to the question whether the probate court had
jurisdiction to remove the administrator; that is, whether
the publication of the citation, as made under the order
of said court, and shown by the record, was sufficient to
give the court jurisdiction, on the said 27th day of Novem-
ber, to make the order of removal. This question, it is
not necessary to decide, because the question which is de-
cisive of this case is whether the court lawfully released
the sureties on the administrator's official bond, and the
former opinion of this court, is limited to this question,

because, as therein stated, the district court dismissed the appeal from the probate court, on the ground that there was no undertaking on appeal.

The order releasing the sureties was made before an appeal was taken from any of the orders, included in the appeal, and if that order was valid, then the appeal was ineffectual, for in such event, Rule 24 of the Supreme Court would not avail the appellant, nor would the $500 bond given for the sale of real estate avail him; and he filed no other appeal bond.

It also appears from the transcript that the attorney for the appellant was present "during the hearing of application of sureties to be realeased" from future liabilities, under the official bond, and it seems no objection was made on the ground that the hearing was premature, or on any ground. Among the sections of the statute applicable to the determination of this question is found section 4070, C. L. U., 1888, which reads as follows: "When a surety of an executor or administrator desires to be released from responsibility on account of future acts, he may make application to the probate court or the judge thereof for relief. The court or judge must cause a citation to the executor or administrator to be issued and served personally, requiring him to appear at a time and place to be therein specified, and to give other security. If he has absconded, left or removed from the territory, or if he cannot be found after due diligence and inquiry, service may be made as provided in section 42 of this chapter." Section 42, here referred to, among other things, provides, regarding service of citation in such case as follows: "If he has absconded, or cannot be found, it may be served by leaving a copy of it at his place of residence, or by such publication as the court or the judge there may order."

There are other sections of the statute which have some bearing on this case, among them being section 4043,

which provides: "The application authorized by the nine preceding sections of this chapter may be heard and determined at any time. All orders made therein must be entered upon the minutes of the court."

Considering such facts as we are able to glean from the very imperfect, unskilful and illogical abstract and transcript, in this case, we think the proceedings of the probate court, under the petition for the release of the sureties was a substantial compliance with the statute, and that the sureties were lawfully released; but even if the proceedings were otherwise, still the appellant could not be heard to complain, because, having appeared by counsel, at the hearing, without making objection, he waived any technical right, as to service of citation, which he might have had. We therefore adhere to the judgment announced in our former opinion.

*We concur:* MERRITT, C. J.; KING, J.; ROLAPP, J.